IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CAROL HARRELL, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-359-TJW |
| | § | |
| REGIONAL HOSPITAL OF LONGVIEW, | § | |
| LLC, AND LONGVIEW MEDICAL | § | |
| CENTER, L.P., | § | |
|     *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

**I.  Introduction**

Before the Court is Defendants Regional Hospital of Longview, L.L.C., and Longview Medical Center, L.P.'s Motion to Dismiss.  (Dkt. No. 46.)  Defendants contend that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.  After carefully considering the facts of the case and the applicable law, the Court GRANTS Defendants' motion for the reasons stated in this opinion.

**II.  Factual and Procedural Background**

Plaintiff Carol Harrell claims that on or about December 31, 2008, she entered a premises owned by Defendants Regional Hospital of Longview L.L.C. and Longview Regional Medical Center, L.P. and fell at or near a sprinkler and/or drain on the property and received injuries. Plaintiff filed this lawsuit in federal court on November 13, 2009 and claims this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff Carol Harrell is a Texas resident.

Defendant Regional Hospital of Longview L.L.C. is a Delaware limited liability company doing business in the state of Texas. Defendant Longview Medical Center, L.P. is a Delaware limited partnership doing business in the state of Texas. Defendants filed this motion to dismiss for lack of subject matter jurisdiction on October 11, 2010.

## III. Analysis

### A. Applicable Law Regarding Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." 28 U.S.C. § 1332(a). In *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), the United States Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (internal quotes omitted).

### B. Diversity Jurisdiction in the Present Case

There is not complete diversity of citizenship in this case. "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Id.* Defendant Longview Regional Medical Center, L.P. is a limited partnership and at least one of its partners is a citizen of Texas. (*See* Kelly Aff., Dkt. No. 46 at 5.) Dr. Kelly is a limited partner of Longview Regional Medical Center, L.P., and Dr. Kelly was a limited partner at the time of the incident in question. (*Id.*) Further, Dr. Kelly is a Texas resident and has resided in Texas during the entirety of his status as a limited partner. (*Id.*) Thus, Defendant Longview Regional Medical Center, L.P. is

2

deemed a citizen of Texas for purposes of diversity jurisdiction. Plaintiff Carol Harrell is also a citizen of Texas. (1st Am. Comp. ¶ 2.) Therefore, there is not complete diversity of citizenship in this case and this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants Regional Hospital of Longview, L.L.C., and Longview Medical Center, L.P.'s Motion to Dismiss. (Dkt. No. 46.) IT IS FURTHER ORDERED that the claims against the defendants in this case are DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 18th day of October, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE